

November 20, 2019

Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

**VIA CM/ECF**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 North King Street, Unit 26
Wilmington, DE 19801

**Jeremy D. Anderson**
Principal
janderson@fr.com
302 778 8452  direct

Re:   *Sound View Innovations, LLC v. Cigna Corp.*, C.A. No. 19-964-CFC-CJB (D. Del.)

Dear Chief Judge Burke,

I write pursuant to the Court's Order of November 14, 2019, in connection with the parties' proposed protective order in this matter. The parties' dispute turns on whether a source code computer should be made available for live, real-time source code review during depositions. Sound View conditions resolution of the other two issues—source code printout limitations and the burden of establishing the reasonableness of requests for printouts of source code—on the deposition issue. If Sound View gets its way on the deposition issue, Sound View has said that it will agree to Cigna's proposals on the other two issues. But these two issues are unrelated to the deposition issue—Sound View merely uses them as bargaining chips to negotiate the primary issue:  live, electronic review and printing of source code during a deposition.

Asking a deponent to review live, electronic source code raises a host of procedural issues, including the inability to maintain a clear record on the subject of a deponent's testimony, and unduly prejudices the Cigna witness by inviting speculation. To the procedural issues, for example, if Sound View asks the deponent to perform a live search of the source code, the record will not include the results of that search. It is also unclear what constitutes an exhibit to the deposition in this circumstance, if anything. In the absence of marked exhibits, how will an authorized individual reviewing the transcript after the fact reference the source code and transient, intermediate electronic data reviewed during the deposition? How will this electronic data (and print outs) be bates numbered on the fly?  How will this electronic data (and print outs) be designated for confidentiality on the fly?  What should a party cite in its briefing implicating this testimony? What constitutes evidence? What document will be presented to the jury? Cigna's proposed provisions regarding source code printing address these concerns. Pursuant to Cigna's proposed order, a deposing party may review the source code electronically, request a printing of certain source code (subject to reasonableness constraints), and bring this printed, bates numbered, and confidentially designated source code material to a deposition—as parties do in this District all of the time. Each page of the printed source code has traditional Bates designations that are read into the record and marked as an exhibit to the deposition. Referring to relevant portions of source code by Bates number and exhibit number dispels any future confusion on the subject of a deponent's testimony.

To address Sound View's concerns related to printing limitations, Cigna has proposed increasing the number of pages of printed source code presumed reasonable to "fifteen (15) pages of a continuous block of Source Code and/or one **thousand (1,000) total pages**." (In the event that a source code computer is present during depositions, however, the limitation should be returned



to "**three hundred (300)** total pages." Review of and testimony on all source code produced in a case amounts to an end run around printout limitations. To avoid completely nullifying printout limitations, the presumptively reasonable limit should be returned to 300 pages.) This proposed limitation is more than reasonable to meet the needs of the case considering that the accused products are *open source* applications for which public source code is available—and these (or very similar) reasonableness conditions on printed source code are frequently adopted in this District. *See, e.g.*, *SRI Int'l, Inc. v. Cisco Sys., Inc.*, C.A. 1:13-cv-1534-RGA-SRF, D.I. 39 (D. Del. 2017). Public code, of course, falls outside of the scope of the protective order. Sound View's alternative proposal—to strip away all source code printing limitations in the event no source code computer is available—is unprecedented. This all-or-nothing approach ignores the proportionality requirement of Rule 26 and the necessity to protect mission-critical source code, recognized by the need for special protections for code in the first place. Although a majority of the relevant source code at issue is open source, other code requested by Sound View is proprietary to Cigna and entitled to the same kind of routine, heightened protections regularly entered by the Court.

Cigna disagrees with Sound View that the remaining issue—whether the party seeking source code production has the burden to move the Court to compel its production—is intertwined with the presence of a source code computer. Consistent with standard discovery practice, the *requesting party* bears the burden of establishing proportionality and need under Rule 26 and bears the burden to file a motion to compel the production following an impasse between the parties. Section 12(a)(x) of the proposed protective order should therefore read as follows:

> If the objection is not resolved, the Receiving Party shall have seven (7) days after the expiration of the meet and confer period in which to file a motion to compel production of the printout(s) that are the subject of the objection.

This makes sense—the party that wants the unproduced discovery should have to come forward and explain why its request is reasonable and proportional to the needs of the case, especially where the request exceeds the agreed, presumed reasonable limits. Sound View does not propose to reverse the parties' roles in establishing reasonableness and proportionality of written discovery, and there is no reason to reverse standard practice with regard to source code printouts.

For the foregoing reasons, the protective order should not permit use of a source code computer during depositions, should include reasonable limitations on source code printouts, and should place the burden on the requesting party to seek to compel production of source code printouts that exceed the agreed reasonable limitations.

Respectfully,

*/s/ Jeremy D. Anderson*

Jeremy D. Anderson (#4515)

cc: All counsel of record