

Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

November 26, 2019

**VIA CM/ECF & HAND DELIVERY**

The Honorable Christopher J. Burke
United States District Court
844 North King Street, Unit 26
Wilmington, DE 19801

**Jeremy D. Anderson**
Principal
janderson@fr.com
302 778 8452  direct

Re:     ***Sound View Innovations, LLC v. Cigna Corp.*,**
        **C.A. No. 19- 964-CFC-CJB (D. Del.)**

Dear Judge Burke,

I respond in this letter to Sound View's correspondence dated November 20, 2019. Sound View has not explained why this case warrants deviating from the standard practice of printing source code, particularly when Sound View's allegations are directed to ***open source*** software products. Nor does Sound View address the remaining two issues—source code printout limitations and the burden of establishing the reasonableness of requests for printouts of source code—let alone explain how they relate to live, electronic review.

It is exactly because "[s]ource code productions are complex" that live, electronic review of source code during a deposition is misguided. The concern is not just tracking the source code *discussed* during deposition—it is identifying in the record the source code *made available* for discussion. Often, the source code made available for inspection on a source code computer is supplemented several times during discovery, or reorganized, or additional historical versions provided, usually at the requests of the reviewing party during their investigation. This causes the corpus of material used at a given deposition under Sound View's proposal to not be amenable to clear identification on the record. For example, what happens if a deponent is asked to perform a search to identify whether a particular keyword can be found in the production? How would the transcript identify which tens of thousands of files were on the computer and searched (and what was not), such that a failure to find the term could be understood in context if that testimony is used at trial? It is not possible. This is why source code is typically presented to the deponent with a discrete set of selected source code files clearly identified as exhibits.

The issue is not whether source code at a deposition must be presented on printed paper or presented electronically. The issue is whether the source code discussed must be clearly identifiable on the record in whatever form, such as by a set of Bates-numbered copy exchanged between the parties in advance and identified as exhibits at the deposition.

Sound View's request for live, electronic review of all the source code attempts to avoid this standard of clearly identifying exhibits, which exists for a reason. Cigna has attempted to address Sound View's concern by substantially raising source code printing



limits so that it may unilaterally bring more source code to depositions. Sound View may therefore print a substantial amount of source code in advance of a deposition such that it could enter multiple versions of source code as exhibits during deposition. Moreover, Sound View's concern that it will fail to identify the "operative version(s) of the source code at issue" can be remedied through other means, such as by written discovery or even informal cooperation between the parties. Sound View's proposal amounts to an end run around these usual channels and unduly prejudices Cigna's witnesses.

That some other parties have purportedly agreed to allow a source code computer at depositions has no bearing on this case. Cigna, like the other defendants in the *Sound View* matters, is entitled to protect its source code and not be prejudiced by how it is used at trial. Cigna seeks nothing beyond the same kinds of protections this District routinely imposes in other cases involving source code. Cigna respectfully requests that the Court order that the protective order should not permit use of a source code computer during depositions, should include reasonable limitations on source code printouts, and should place the burden on the requesting party to seek to compel production of source code printouts that exceed the agreed reasonable limitations.

Sincerely,

*/s/ Jeremy D. Anderson*

Jeremy D. Anderson (#4515)

cc: All counsel of record – via ECF